UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERMAINE GAUDET,

          Plaintiff,

    v.

METROPOLITAN LIFE INSURANCE
COMPANY,

          Defendant.

Case No.  5:25-cv-00694-PCP

**ORDER GRANTING MOTION TO
DISMISS AMENDED COMPLAINT**

Re: Dkt. No. 56

Plaintiff Germaine Gaudet brings this class action against defendant Metropolitan Life Insurance Company ("MetLife"). Gaudet purchased a MetLife long-term-care insurance policy in 2007. Fourteen years later, in 2021, the California Department of Insurance ("CDI") approved MetLife's request to raise her premium by 123.8%. After the CDI's approval, MetLife sent Gaudet a letter informing her about the imminent rate increase and giving her information about her options.

Gaudet alleges that MetLife knew of the need to increase premiums as early as 2008. Gaudet brings three California state law claims based on MetLife's failure to inform her until 2021 of the rate increase or any of the issues leading to the rate increase: (1) fraud by omission; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, and (3) violation of California Insurance Code § 10234.8.

The Court previously dismissed Gaudet's complaint—which asserted the same causes of action—for failure to state a claim. *See Gaudet v. Metro. Life Ins. Co.*, 796 F. Supp. 3d 604, 607 (N.D. Cal. 2025). MetLife now moves to dismiss Gaudet's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed herein, the Court grants MetLife's motion without further leave to amend.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [ ] consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may consider documents which are "not physically attached to the complaint" "if the [ ] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)). Federal Rule of Evidence 201 permits judicial

United States District Court
Northern District of California

notice of "a fact that is not subject to reasonable dispute" because it is "generally known."

## ANALYSIS

The Court's order dismissing the original complaint held that Gaudet had failed to identify any breach of a common law or statutory duty by MetLife.[1] The Court held that because the CDI must approve any premium increase, MetLife was not under any duty to notify policy holders of premium increases until the CDI had approved them. *Id*. ("[T]he rate action plans were not 'impending' until after the CDI's approval.") The Court therefore concluded that the facts pleaded did not support a claim that MetLife committed fraudulent omission (because there was no duty to disclose information about potential future rate increases), a violation of the UCL (because there was no violation of any statutory duty), or a breach of Section 10234.8.

## I.    Duty of Disclosure

Gaudet's amended complaint is substantially similar to her original one, though she now sufficiently alleges that MetLife knew that its premiums would eventually "need to be increased significantly."[2] MetLife has a nationwide "equitable rate action" policy so that when one state's premiums increase, the company will continually file requests for increases in other states until they are granted. Because MetLife's VIP2 OLD Rate Action Plan—devised in 2012—had been implemented in 37 states by 2017, MetLife knew that it would continue to submit premium rate increase requests to state insurance departments, including California's, until there was an equivalent rate increase on all VIP2 OLD policies nationwide.

These new factual allegations, however, are not enough to justify an outcome different from that set forth in the Court's previous order. Until the CDI approves the Rate Action Plans, the proposed rate changes cannot be considered "impending" or established. There is no duty to disclose something that does not yet exist.

Notably, Gaudet fails to meaningfully engage with the Court's previous order dismissing

---

[1] The Court's previous order provides extensive background on both the facts and history of the case. *See Gaudet*, 796 F. Supp. 3d at 607.

[2] For the purposes of defendants' Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged in plaintiffs' complaint.

the case. In fact, she directly references it only once, in a footnote, concluding that *Pastoria v. Nationwide Insurance*, 112 Cal. App. 4th 1490 (2003) "rejects this Court's holding that MetLife had no duty to disclose its Rate Action Plans." But Gaudet misrepresents *Pastoria*. There, the Plaintiffs successfully alleged that the rate changes were truly "impending" because they were "about to happen" at the time they purchased them. *Id.* at 153. Here, Gaudet's complaint merely alleges that at the times of her purchase and renewal, MetLife knew that the rate changes would happen at some unknown point in the future if and when the CDI approved them. For the reasons explained in the Court's prior order, those rate increases were too speculative to make them "impending" for the purposes of MetLife's duty of disclosure.

## II.    Section 10234.8

Section 10234.8(a) states that "all insurers, brokers, agents, and others engaged in the business of insurance owe a policyholder or a prospective policyholder a duty of honesty, and a duty of good faith and fair dealing." Gaudet argues that a "duty of good faith and fair dealing" necessarily requires long-term care insurers to disclose all material facts relating to the long-term care insurance ("LTCI") policies when "transacting" with policyholders, imposing a duty of disclosure that is more expansive than both the other applicable statutes and common law. MetLife contends conversely that the "duty of good faith and fair dealing" required by the statute is a reference to the common law duties that are implied in every contract. Although the Court previously addressed this issue, *see Gaudet*, 796 F. Supp. 3d at 613, the parties now provide additional evidence and argument.[3]

Federal courts "interpret California statutes in accordance with California principles of statutory construction." *McDaniel v. Wells Fargo Invs., LLC*, 717 F.3d 668, 677 n.8 (9th Cir. 2013) (citation omitted). "Where appropriate, courts may seek guidance in divining the legislative intent from such materials as the statutory history, committee reports and legislative debates."

---

[3] The Court grants the parties' requests for judicial notice because the documents are public documents. *See* Fed. R. Evid. 201(b). While the Court takes judicial notice of the existence and content of the documents at issue, it will not take judicial notice of the underlying truth of any factual assertions therein.

United States District Court
Northern District of California

*Perez v. Smith*, 19 Cal. App. 4th 1595, 1598 (1993).

Section 10234.8 does not define any of the terms at issue here. "When a term goes undefined in a statute, [California courts] give the term its ordinary meaning." *Wendz v. State Dep't of Educ.*, 93 Cal. App. 5th 607, 626 (2023) (citation omitted). The plain meaning of "duty of good faith and fair dealing" tracks the common law definition closely: it is a duty "implied in some contractual relationships, requiring the parties to deal with each other fairly, so that neither prohibits the other from realizing the agreement's benefits." *Duty of Good Faith and Fair Dealing*, Black's Law Dictionary (12th ed. 2024).[4] This plain meaning definition supports the Court's earlier holding that it "cannot conclude that the California Legislature intended for section 10234.8 to create duties of disclosure beyond those already imposed upon MetLife by both the common law and the extensive statutory and regulatory requirements that apply to the highly regulated long-term care insurance industry." *Gaudet*, 796 F. Supp. 3d at 614.

Gaudet next argues that the legislative history supports her assertion that Section 10234.8 imposed new duties on long-term care insurers that required them to disclose all material facts relating to any LTCI policy each time the insureds pay their premiums. She points to earlier LTCI regulations that did not impose any duties of honesty, good faith, and fair dealing as evidence that Section 10234.8's imposition of those duties created a change in the substance of those duties. She argues that if Section 10234.8 merely restated existing common law and other regulations imposing a duty of good faith and fair dealing, then the new statute would serve no purpose.

Even if the Court accepted Gaudet's argument, Gaudet has not provided any authority that that duty required disclosure of still-hypothetical future premium increases. But Gaudet also fails to understand the legislative record, which shows, as MetLife contends, that the only "new" duty imposed by Section 10234.8 was the extension of the common law duty of good faith and fair dealing (which generally applies only to parties to an existing contract) to *prospective* policyholders who have yet to purchase a plan and enter into a contractual relationship with an

---

[4] Gaudet also relies on Black's Law Dictionary, but only for one of the terms in the phrase "duty of good faith and fair dealing." Particularly when an established definition of the full phrase exists, such a partial definition is likely misleading.

insurer.

Section 10234.8 was enacted one year after the Long-Term Care Insurance Act, which regulates the sale and issuance of LTCI policies. Long-Term Care Insurance Act—Sale and Issuance Regulations, Ch. 1342, § 1, 1988 Cal. Legis. Serv. (1988). The sponsors and proponents of Section 10234.8 sought to address the "potential for abuse in the marketing of [LTCI] coverage." STAFF OF S. INS., CLAIMS & CORPS. COMM., ANALYSIS OF A.B. 2267, S. 1989-90, Reg. Sess., at 2 (Ca. 1989). While the Long-Term Care Insurance Act already established "disclosure requirements," Section 10234.8 was intended to address the gap in "existing law" by "requir[ing] insurers, agents, and brokers to be obligated to conduct a *sale* of the [LTCI] product owing a policyholder a duty of honesty, good faith, and fair dealing." *Id*. (emphasis added). The legislature's focus on the sale of policies indicates that the law was intended to expand existing statutory protections to LTCI shoppers—just as MetLife contends. There is no suggestion that the statute was intended to create an expanded duty of disclosure for LTCI policyholders.

Section 10234.8's plain meaning and the legislative history therefore support the Court's earlier reasoning. *Gaudet*, 796 F. Supp. 3d at 614 ("[E]xisting sources of law provide extensive guidance as to the circumstances under which [duties of disclosure] exists, and nothing in section 10234.8 suggests that its purpose was to displace that well-established law with an entirely different set of duties."). The Court therefore again dismisses Gaudet's claim under that section.

## III.    UCL

The UCL prohibits "unfair competition," which is defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Ct.*, 27 Cal. App. 4th 832, 838–39 (1994). Gaudet's UCL claim is premised on violations of California Insurance Code §§ 330, 331, 332, 334, 361, and 10234.8. As explained above, Gaudet has not identified any violation of § 10234.8, and she has not explained how MetLife's conduct violates any of the other cited provisions. Because there is no predicate unlawful act underlying Gaudet's UCL claim, that claim

6

is again dismissed.

## CONCLUSION

For the reasons discussed above, the Court grants MetLife's motion to dismiss Gaudet's amended complaint. Dismissal is with prejudice and without further leave to amend.

**IT IS SO ORDERED.**

Dated: March 26, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

7